**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **US IGNITE, INC.,** <br><br> Plaintiff, <br><br> v. <br><br> **IGNITE CONSULTING, LLC dba IGNITE CITIES,** <br><br> Defendant. | Civil Action No. 22-1701 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff US Ignite, Inc. ("US Ignite"), by and through its attorneys, as and for its Complaint against defendant Ignite Consulting, LLC dba Ignite Cities ("Defendant"), alleges as follows:

### Nature of Action

1.      This is an action for (a) trademark infringement of federally-registered trademarks in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); (b) unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (c) cybersquatting in violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d); (d) deceptive trade practices under the Illinois Deceptive Trade Practices Act, 815 ILCS §§ 510 *et. seq.*; (e) trademark infringement under the common law of the State of Illinois; and (f) unfair competition under the common law of the State of Illinois.

### Parties

2.      US Ignite is a non-profit corporation duly organized and existing under the laws of the State of Delaware with a place of business located at 1150 18th Street NW, Suite 750, Washington, D.C. 20036.

3.      Upon information and belief, Defendant is a limited liability company duly

- 1 -

organized and existing under the laws of the State of Illinois with a place of business at 1074 W. Taylor Street, Unit 301, Chicago, Illinois 60607.

## Jurisdiction And Venue

4.      This Complaint arises under §§ 32 and 43(a) and (d) of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a) and (d), as amended, and the laws of the State of Illinois.

5.      This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121(a) (actions arising out of the Lanham Act); 28 U.S.C. § 1331 (actions arising under the laws of the United States), § 1338(b) (action asserting related claim for unfair competition), and § 1367 (supplemental jurisdiction over related claims), and general principles of ancillary and pendent jurisdiction.

6.      This Court has personal jurisdiction over Defendant because it is domiciled in this District and has committed acts of trademark infringement, cybersquatting, and/or unfair competition within this District, and/or, upon information and belief, it regularly engages in extensive business transactions and solicitations in the State of Illinois and within this District and has, upon information and belief, offered to contract, and/or contracted, to supply goods and services within this District, including, but not necessarily limited to, through the use of its website located at www.ignitecities.com.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to US Ignite's claims against Defendant occurred, and continue to occur, in this District.

24037062.6

**Factual Allegations**

*US Ignite and the US IGNITE Mark*

8.      Since at least 2011, US Ignite has been providing technical, financial, and other assistance to municipalities, corporations, foundations, and federal agencies, namely, in the development of next-generation internet applications that provide transformative public benefits. In so doing, US Ignite partners with leading network operators, research and educational networks, equipment manufacturers, federal agencies, telecommunications companies, and others. US Ignite has received millions of dollars in federal funding since 2015 for providing technical assistance to "smart" cities, including funding from the National Science Foundation in connection with work involving deploying broadband technology to both rural and urban underserved communities.

9.      US Ignite is the owner of a federal trademark registration, Reg. No. 4766749, which issued on July 7, 2015 on the principal register of the United States Patent and Trademark Office. This registration is for the US IGNITE mark and covers a range of services, including, "Promoting development of internet applications by others." A true and correct copy of this registration is attached as Exhibit A. The right to use this trademark has become incontestable under the provisions of 15 U.S.C. § 1065. The registration is valid and subsisting and has never been cancelled.

10.      US Ignite is also the owner of a federal trademark registration, Reg. No. 4774982, which issued on July 21, 2015 on the principal register of the United States Patent and Trademark Office. This registration is for the  mark and covers a range of services, including, "Promoting development of internet applications by others." A true and correct copy of this registration is attached as Exhibit B. The right to use this trademark has become incontestable under the provisions of 15 U.S.C. § 1065. The registration is valid and subsisting and has never

- 3 -

been cancelled.

11.     US Ignite is also the owner of a federal trademark registration, Reg. No. 6402220, which issued on June 29, 2021 on the principal register of the United States Patent and Trademark Office.  This registration is for the US IGNITE mark and covers a range of services, including, "Business consulting with relation to strategy, financing, production, and technology and organization expertise for companies, communities, and municipalities regarding technology innovation and smart community development; Business networking services, namely, creating niche business networks and programs for community leaders, entrepreneurs, academic researchers, federal agencies, and non-profit organizations in the fields of new and emerging technologies; Organizing business networking events and programs for public sector leaders and private business partnerships; Business services, namely, matching and creating relationships between private investors, public funding sources, government agencies, corporate and university sectors, municipalities and technology companies; Providing advice and assistance to municipalities relating to the development of business and contractual relationships with researchers, private investors, and entrepreneurs for technological advancement to develop innovative, data-driven practices that stimulate job growth, support startup environments, real estate investment, and targeted innovation; Business development services, namely, providing support for the businesses of others; Assistance in business management, product and project commercialization; Promoting the research, development, and implementation of internet applications and smart technologies by others."  A true and correct copy of this registration is attached as Exhibit C.  The registration is valid and subsisting and has never been cancelled.

12.     In addition to being the owner of the active federal trademark registrations identified in Exhibits A through C for the US IGNITE Mark, US Ignite is also the owner of

- 4 -

nationwide common law trademark rights for the US IGNITE Mark.

13.     Since its first use in 2011, US Ignite has continuously advertised, marketed, and distributed services under the US IGNITE Mark in print, online, and through other media.  In its marketing and advertising, US Ignite uses the US IGNITE Mark to attract and maintain clientele.

14.     US Ignite has invested substantial time, effort, and financial resources promoting the US IGNITE Mark in connection with the advertising, marketing, and sale of its services in interstate commerce.  The US IGNITE Mark has become, through widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol of US Ignite, its quality services, and its goodwill.  The consuming public recognizes the US IGNITE Mark and associates it with US Ignite.

15.     The US IGNITE Mark, by virtue of substantial use and promotion, has acquired great value as a source identifier of US Ignite's services, distinguishing US Ignite from other businesses and service providers.

16.     As a result of US Ignite's extensive advertising and marketing, the US IGNITE Mark is readily recognized in the industry and among the consuming public, and serves to distinguish US Ignite from other businesses and service providers.

17.     The US IGNITE Mark is inherently distinctive as applied to US Ignite's services that bear the mark.

***Infringing Conduct by Defendant***

18.     Notwithstanding US Ignite's established rights in the US IGNITE Mark, Defendant adopted and uses the highly similar and/or confusingly similar marks IGNITE and/or IGNITE CITIES (collectively, the "IGNITE Marks") in interstate commerce in connection with the sale and offering for sale of its services.

- 5 -

19.     Upon information and belief, Defendant offers for sale and sells its services in the same or similar channels of trade as US Ignite, including, but not necessarily limited, towns, cities, and other municipalities.

20.     Upon information and belief, Defendant owns and operates a website with a domain name of www.ignitecities.com (the "IGNITE Website"), which it uses to solicit business for its services through infringing use of the IGNITE Marks, not only in the domain name, but also in its content.

21.     Upon information and belief, Defendant describes the nature of its service offerings on the IGNITE Website as "a consulting practice designed to develop, engage and accelerate project development . . . focused on building smart cities by humanizing both the technology developed, and the impact being delivered to citizens."  A true and correct copy of the IGNITE Website as it existed on March 11, 2022 is attached as Exhibit D.

22.     The following annotated screenshots from the IGNITE Website depict representative examples of Defendant's infringing use:

- 6 -



(Exhibit D at 19.)

24037062.6



## About us

IGNITE CITIES (IC) is a consulting practice designed to develop, engage, and accelerate project development by supporting mayors across the country with the critical issues cities are facing today. IC is focused on building smart cities by humanizing both the technology being developed, and the impact being delivered to citizens.

In fact, IC has designed a smart framework that allows for project scalability, project deployment replication, and even aides in measuring profitability of a city. The result creates a visible and measurable impact through increased citizen engagement, sustainable infrastructure, efficient cost modeling, and advanced city service offerings.

IC delivers pro-bono advisory services to mayors surrounding smart city initiatives while keeping people at the center of our focus. Our smart city initiatives help mayors tackle issues such as homelessness, transportation, broadband, safety, mobility, and smart infrastructure.

(Exhibit D at 3.)



(Exhibit D at 28.)



(Exhibit D at 33.)

23.     Upon information and belief, Defendant's adoption of the IGNITE Marks occurred after US Ignite's first use of the US IGNITE Mark.

24.     Upon information and belief, actual confusion among consumers has occurred wherein consumers have falsely identified US Ignite as the source of Defendant's services.

25.     Among these instances of actual confusion are meetings between US Ignite's representatives and its clients or potential clients who have mistakenly asked US Ignite to discuss

Defendant and/or its services, and falsely believed the parties are related, affiliated, and/or associated with one another.

## Claims For Relief

### Count I

### *Federal Trademark Infringement (15 U.S.C. § 1114(1))*

26.     US Ignite repeats and realleges the allegations set forth in the foregoing paragraphs as though set forth fully herein.

27.     As its first cause of action, US Ignite alleges federal trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

28.     Without US Ignite's consent, Defendant has used and continues to use the IGNITE Marks in connection with the sale, offering for sale, distribution, and advertising of its goods and/or services, including, but not limited to, through the use of its website www.ignitecities.com.

29.     The IGNITE Marks are highly similar and/or confusingly similar to the US IGNITE Mark and Defendant's use of the IGNITE Marks misleads or is likely to mislead the public into concluding that Defendant's goods and/or services originate with or are authorized by US Ignite, which will damage both US Ignite and the public.

30.     US Ignite has no control over the quality of goods and/or services sold by Defendant and because of the source confusion caused by Defendant, US Ignite has lost control over its valuable goodwill in its US IGNITE Mark.

31.     Defendant has engaged in its infringing activity despite having constructive notice of US Ignite's federally registered rights under 15 U.S.C. § 1072 and despite having actual knowledge of US Ignite's use of the US IGNITE Mark and its federal registrations since on or before August 31, 2021, when US Ignite sent its first correspondence to Defendant requesting that

- 10 -

it cease and desist its infringing conduct. Defendant did not respond to that correspondence, or subsequent correspondence.

32.    Upon information and belief, Defendant has advertised and offered its goods and/or services for sale using the IGNITE Marks with the intention of misleading, deceiving, or confusing consumers as to the origin of its goods and/or services, and of trading in on US Ignite's reputation and goodwill in its US IGNITE Mark. Defendant's use of the IGNITE mark constitutes willful, deliberate, and intentional trademark infringement.

33.    Defendant's unauthorized use of the IGNITE Marks in interstate commerce as described above constitutes trademark infringement under 15 U.S.C. § 1114(1) and has caused, and is likely to continue to cause, consumer confusion, mistake, or deception.

34.    As a direct and proximate result of Defendant's trademark infringement, US Ignite has suffered and will continue to suffer irreparable loss of income, profits, and goodwill, and Defendant has and will continue to unfairly acquire income, profits, and goodwill.

35.    Defendant's acts of infringement will cause further irreparable injury to US Ignite if Defendant is not restrained by this Court from further violation of US Ignite's rights. US Ignite has no adequate remedy at law.

## Count II

### Federal Unfair Competition and False Designation of Origin (15 U.S.C. § 1125(a))

36.    US Ignite repeats and realleges the allegations set forth in the foregoing paragraphs as though set forth fully herein.

37.    As its second cause of action, US Ignite alleges federal unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

38.    Defendant's unauthorized advertising, marketing, and sale of its products and

- 11 -

services in interstate commerce using the IGNITE Marks, including, but not limited to, through the use of the IGNITE Website, constitute the use of a false designation of origin or false representation that wrongfully and falsely designates Defendant's products and/or services as originating from or being connected with US Ignite or the US IGNITE Mark. The actions of Defendant as alleged herein constitute intentional, willful, knowing, and deliberate unfair competition.

39.     Defendant's actions constitute federal unfair competition and violate 15 U.S.C. § 1125(a).

40.     As a direct and proximate result of Defendant's unfair competition, US Ignite has suffered, and will continue to suffer, irreparable loss of income, profits, and/or goodwill, and Defendant has and will continue to unfairly acquire income, profits, and/or goodwill.

41.     Defendant's acts of unfair competition will cause further irreparable injury to US Ignite if Defendant is not restrained by this Court from further violation of US Ignite's rights.  US Ignite has no adequate remedy at law.

## Count III

### *Federal Cybersquatting under the Lanham Act (15 U.S.C. § 1125(d))*

42.     US Ignite repeats and realleges the allegations set forth in the foregoing paragraphs as though set forth fully herein.

43.     As its third cause of action, US Ignite alleges federal cybersquatting under Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

44.     The IGNITE Website was registered on or around February 26, 2018.  A true and correct copy of this website information according to ICANN is attached as Exhibit E.

45.     Upon information and belief, Defendant has trafficked in the IGNITE Website.

46.     Upon information and belief, Defendant has used the IGNITE Website.

47.     US Ignite's domain, www.us-ignite.org, was registered on or around September 1, 2011.  A true and correct copy of this website information according to ICANN is attached as Exhibit F.

48.     The US IGNITE Mark and US Ignite's website (www.us-ignite.org) were in use prior to Defendant's registration, trafficking in, or use of the IGNITE Website.

49.     US Ignite obtained federal registrations of the US IGNITE Mark prior to Defendant's registration, trafficking in, or use of the IGNITE Website.

50.     The US IGNITE Mark was distinctive at the time of Defendant's registration, trafficking in, or use of the IGNITE Website.

51.     The domain name for the IGNITE Website is confusingly similar to the US IGNITE Mark and US Ignite's www.us-ignite.org domain.

52.     Upon information and belief, prior to registering, causing to be registered, trafficking in, or using the IGNITE Website, Defendant had knowledge of US Ignite's prior use of the US IGNITE Mark and of its www.us-ignite.org domain.

53.      The IGNITE Website infringes upon US Ignite's prior rights in its US IGNITE Mark.

54.     Upon information and believe, Defendant has, and has had, a bad faith intent to profit upon US Ignite's prior rights in its US IGNITE Mark.

55.     Upon information and belief, Defendant has intended and does intend to divert customers from US Ignite's own domain (www.us-ignite.org) to the infringing IGNITE Website, causing harm to US Ignite and its goodwill associated with its US IGNITE Mark.

56.     Continued use of the IGNITE Website is likely to cause confusion among consumer

- 13 -

interested in engaging US Ignite's services in violation of 15 U.S.C. § 1125(d).

57.     Upon information and belief, use of the IGNITE Website has caused actual confusion among US Ignite's consumers and potential consumers.

58.     Defendant's use of the IGNITE Website has caused and continues to cause harm to US Ignite's goodwill and has created and continues to create a likelihood of confusion among consumers that causes harm to US Ignite's market share in violation of 15 U.S.C. § 1125(d).

59.     Defendant's aforementioned acts will cause further irreparable injury to US Ignite if Defendant is not restrained by this Court from further violation of US Ignite's rights.  US Ignite has no adequate remedy at law.

## Count IV

### *Illinois Uniform Deceptive Trade Practices (815 ILCS §§ 510 et seq.)*

60.     US Ignite repeats and realleges the allegations set forth in the foregoing paragraphs as though set forth fully herein.

61.     As its fourth cause of action, US Ignite alleges deceptive trade practices under Illinois' Uniform Deceptive Trade Practices Act, 815 ILCS §§ 510 *et. seq*.

62.     In violation of this statute, Defendant has used the IGNITE Marks, which are so similar in sight, sound, and meaning to that of the US IGNITE Mark that the public will be confused as to the identity and source of the goods and services offered and/or rendered and will wrongfully believe Defendant is the source of US Ignite's goods or services, or that the parties are somehow related, affiliated, and/or associated with one another.

63.     Defendant has willfully used and infringed the US IGNITE Mark in connection with the sale, offering for sale, distribution, or advertising of goods and/or services, including, but not limited to, through the use of the IGNITE Website.  Such use is likely to cause confusion, or

to cause mistake, or to deceive consumers who will falsely identify Defendant as the source of US Ignite's goods or services.

64. As a direct and proximate result of Defendant's use and/or infringement of the US IGNITE Mark, US Ignite has suffered and will continue to suffer irreparable loss of income, profits, and goodwill and Defendant has and will continue to unfairly acquire income, profits, and goodwill.

65. Defendant's acts as described above constitute violations of US Ignite's rights under this Act.

66. Defendant's acts will cause further irreparable injury to US Ignite if Defendant is not restrained from using the IGNITE Marks by this Court and from further violating US Ignite's rights in its US IGNITE Mark. US Ignite has no adequate remedy at law.

## Count V

### *Common Law Trademark Infringement*

67. US Ignite repeats and realleges the allegations set forth in the foregoing paragraphs as though set forth fully herein.

68. As its fifth cause of action, US Ignite alleges common law trademark infringement under Illinois law.

69. In violation of the common law of the State of Illinois, Defendant has used the IGNITE Marks, which are so similar in sight, sound, and meaning to that of the US IGNITE Mark that the public will be confused as to the identity and source of the goods and services offered and/or rendered.

70. In violation of the common law of the State of Illinois, Defendant has willfully used and infringed the US IGNITE Mark in connection with the sale, offering for sale, distribution, or

- 15 -

advertising of goods and/or services, including, but not limited to, through the use of its website www.ignitecities.com. Such use is likely to cause confusion, or to cause mistake, or to deceive.

71.     As a direct and proximate result of Defendant's trademark infringement of the US IGNITE Mark, US Ignite has suffered and will continue to suffer irreparable loss of income, profits, and goodwill and Defendant has and will continue to unfairly acquire income, profits, and goodwill.

72.     Defendant's acts as described above constitute trademark infringement in violation of US Ignite's rights under Illinois State common law.

73.     Defendant's acts of infringement will cause further irreparable injury to US Ignite if Defendant is not restrained from using the IGNITE Marks by this Court and from further violating US Ignite's rights in its US IGNITE Mark. US Ignite has no adequate remedy at law.

**<u>Count VI</u>**

***Common Law Unfair Competition***

74.     US Ignite repeats and realleges the allegations set forth in the foregoing paragraphs as though set forth fully herein.

75.     As its sixth cause of action, US Ignite alleges common law unfair competition under Illinois law.

76.     In violation of the common law of the State of Illinois, Defendant has engaged in unfair competition by infringing the US IGNITE Mark by using the IGNITE Marks which are so similar in sight, sound, and meaning to that of the US IGNITE Mark that the public will be confused as to the identity and source of the goods and services offered and/or rendered.

77.     Upon information and belief, Defendant has acted in bad faith by using the IGNITE Marks, without US Ignite's authorization or consent, and with full knowledge of US Ignite's valid

- 16 -

ownership of, and rights in, its US IGNITE Mark.

78.     Defendant's acts as described above constitute unfair competition in violation of US Ignite's rights under Illinois State common law.

79.     As a direct and proximate result of Defendant's unfair competition, US Ignite has suffered and will continue to suffer irreparable loss of income, profits, and goodwill and Defendant has and will continue to unfairly acquire income, profits, and goodwill.

80.     Defendant's acts of infringement will cause further irreparable injury to US Ignite if Defendant is not restrained by this Court from further violation of US Ignite's rights.  US Ignite has no adequate remedy at law.

## Jury Demand

US Ignite demands a trial by jury on all issues so triable.

24037062.6

**Request For Relief**

**WHEREFORE,** US Ignite respectfully requests that the Court grant the following relief:

A.   Entering a judgment that the US IGNITE Mark has been and continues to be infringed by Defendant in violation of 15 U.S.C. § 1114(1);

B.   Entering a judgment that Defendant's use of the IGNITE Marks constitutes federal unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a);

C.   Entering a judgment that Defendant's use of the IGNITE Website constitutes federal cybersquatting in violation of 15 U.S.C. § 1125(d);

D.   Entering a judgment that Defendant's use of the IGNITE Marks constitutes deceptive trade practices in violation of 815 ILCS §§ 510/1, *et seq.*, common law trademark infringement, and common law unfair competition under Illinois law;

E.   Permanently enjoining and restraining Defendant and each of its owners, managers, agents, representatives, employees, officers, attorneys, successors, assigns, affiliates, and any persons in privity or active concert or participation with any of them from using the IGNITE Marks, with or without any other designation, alone or in combination with other words or symbols, as a trademark or trade name component or otherwise, to market, advertise, distribute, or identify Defendant's goods and/or services where that designation would create a likelihood of confusion, mistake, or deception with the IGNITE Mark;

F.   Pursuant to 15 U.S.C. § 1116(a), directing Defendant to file with the Court and serve on US Ignite within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

G.   Pursuant to 15 U.S.C. § 1118, requiring that Defendant and all others acting under Defendant's authority, at their cost, be required to deliver up and destroy all devices, literature, advertising, labels, websites, and other material in their possession, custody, or control bearing the infringing designation;

H.   Pursuant to 15 U.S.C. § 1119, enjoining the Director of the United States Patent and Trademark Office from issuing to Defendant any trademark registration for its IGNITE Marks or any combination of words or symbols that would create a likelihood of confusion, mistake, or deception with the IGNITE Mark;

I.   Directing Defendant to transfer the www.ignitecities.com domain to US Ignite;

J.   Awarding US Ignite all damages it sustained as the result of Defendant's unlawful, including, but not necessarily limited to, acts of infringement and unfair competition, said amount to be trebled, together with prejudgment interest;

K.   Awarding US Ignite all profits received by Defendant from sales and revenues of any kind made as a result of Defendant's unlawful, including, but not necessarily limited to, acts of infringement and unfair competition, said amount to be trebled, after an accounting;

L.      Awarding US Ignite its reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117; and

M.     Granting US Ignite such other and further relief as the Court may deem just.


Dated:  April 1, 2022             Respectfully submitted,

US IGNITE, INC.


By:   /s/ John E. Bucheit
                  One of Its Attorneys

John E. Bucheit
BRADLEY RILEY JACOBS PC
500 W. Madison St.
Ste. 1000
Chicago, IL 60661
(630) 297-3101

Of Counsel:

John D. Cook
BARCLAY DAMON LLP
Barclay Damon Tower
125 E. Jefferson Street
Syracuse, New York 13202
(315) 425-2885

Jeffrey M. Koegel
BARCLAY DAMON LLP
2000 Five Star Bank Plaza
100 Chestnut Street
Rochester, NY 14604
(585) 295-4464

24037062.6